IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: SUBPOENA DUCES TECUM )
to Roger W. Evans, M.D. and EECP )
Heart Center of Kansas, Inc. ) Case No. 11-MC-114-JTM
 )
 )

# MEMORANDUM AND ORDER

Before the Court is the motion of Roger W. Evans and EECP Heart Center of Kansas, Inc. (collectively "Movants"[1]) requesting an Order quashing a subpoena *duces tecum* served by the United States of America ("Respondent" or "the Government"). (Doc. 1.) The Government's response includes a Motion to Compel compliance with the subpoena at issue. (Doc. 3.)

It is uncontroverted that Movants are under investigation for Medicare fraud, in violation of 18 U.S.C. §1347, and money laundering, in violation of 18 U.S.C. §§1956 & 1957. (*See* Doc. 2, at 4; Doc. 4, at 1.) The subpoena at issue was served pursuant to 18 U.S.C. §3486, which states in relevant part:

(a) Authorization.–(1)(A) In any investigation relating of –

>    (i)(I)  a Federal health care offense, . . . the Attorney General .
>    . . may issue in writing and cause to be served a subpoena
>    requiring the production and testimony described in
>    subparagraph (B).

---

[1] Dr. Evans is the sole owner of EECP Heart Center of Kansas, Inc.

> (B) . . . a subpoena issued under subparagraph (A) may require – (i) the production of any records or other things relevant to the investigation.

The subpoena seeks production of six categories of documents, two of which are at issue: 1) financial documents relating to Dr. Evans' "financial condition" and 2) Dr. Evans' personal federal income tax returns. (Doc. 2, at 2, 12.)

Movants contend that it is improper for the Government to use an administrative subpoena "to further its criminal investigation." (*Id.*, at 4.) Further, Movants argue that Dr. Evans has a "heightened expectation of privacy in his personal financial records," which requires the Government "to show probable cause before it can require Dr. Evans to turn over such records." (*Id.*)

The Government responds that the statute at issue, 18 U.S.C. §3486, "specifically permits the U.S. Attorney to issue administrative subpoenas to investigate federal health care offenses . . . ." (Doc. 4, at 2.) The Government continues that by passing the statute, "Congress has spoken loud, clear, and unambiguously" to give the Government "broad investigatory, inquisitory subpoena powers." (*Id.*, at 5.) Further, the Government cites several cases for the proposition that the statute in question contains no probable cause requirement for such affidavits. (*Id.*, at 6-9.) Finally, the Government argues that the requested information is reasonable and relevant because "any good investigation involving

fraud, money laundering, and forfeiture, in which the crimes have produced illegal gain to the fraudster, will include a financial investigation of the business and the business owner." (*Id*., at 11-12.)  Stated another way, given the business relationship between the Movants, "Dr. Evans' personal financial information may provide evidence of motive, money laundering, and identify potential assets for forfeiture . . . ." (*Id*., at 3.)

Movants reply that although the statute was passed by Congress, "[t]he Government's administrative subpoena power is not without limits, and Congress cannot trump the rights protected by the United States Constitution." (Doc. 6, at 4.)  While questioning the constitutionality of the Statute – which as been in effect for 15 years without, to this Court's knowledge, any binding authority successfully challenging its constitutionality[2] – Movants have not provided the Court with sufficient basis or authority to reach such a bold conclusion.

The Court is equally unpersuaded by Movants' attempts to discredit Tenth Circuit authority holding that it is unnecessary to establish probable cause before a court can issue an administrative subpoena.  The Tenth Circuit has been very

---

[2] To the contrary, Movants admit that "[t]he Supreme Court has not reviewed the constitutionality of 18 U.S.C. §3486 in any context, much less the context, as here, where the Government seeks production of an individual's personal financial records." (Doc. 6, at 4.)

specific on this issue.

> Under Fourth Amendment law, an investigatory or administrative subpoena is not subject to the same probable cause requirements as a search warrant. ***See v. City of Seattle***, 387 U.S. 541, 544, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967); ***United States v. Reno***, 522 F.2d 572, 575 (10th Cir.1975). The Fourth Amendment requires only that a subpoena be 'sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome.' ***City of Seattle***, 387 U.S. at 544, 87 S.Ct. 1737; *see also* ***Matter of Grand Jury Subpoena Duces Tecum Issued on June 9, 1982, to 'Custodian of Records,'*** 697 F.2d 277, 281 (10th Cir.1983) (holding a subpoena in a criminal investigation 'is not unreasonable under the Fourth Amendment if it: (1) commands the production only of things relevant to the investigation; (2) specifies the items with reasonable particularity; and (3) covers only a reasonable period of time'); ***United States v. Bailey (In re Subpoena Duces Tecum)***, 228 F.3d 341, 347–49 (4th Cir.2000) (holding probable cause required for warrants but not subpoenas because warrants are 'immedia[te] and intrusive[ ]' whereas the subpoenaed party has an opportunity to challenge a subpoena before complying with it).

***Becker v. Kroll***, 494 F.3d 904, 916-917 (10th Cir. 2007).

Movants contend that the Tenth Circuit's reasoning in ***Becker*** is "flawed," as was a similar decision reached by the Sixth Circuit in the matter of ***In re Administrative Subpoena John Doe***, 253 F.3d 256 (6th Cir. 2001) (holding that the Department of Justice need not establish probable cause before the issuance of a §3486 administrative subpoena for records from an individual doctor under

...

investigation for health care fraud) (*cited with approval in* **Becker**, 494 F.3d at 917). (*See* Doc. 6, at 7.)  Despite Plaintiff's assertions that in reaching these decisions, the Tenth and Sixth Circuit Courts incorrectly relied on authority relating to the production of corporate – rather than personal – papers, the Court is not prepared to break with this clearly established line of authority from the Circuit Courts.

It is uncontroverted that Dr. Evans, the sole owner of EECP Heart Center of Kansas, Inc., is being investigated for Medicare fraud and money laundering. (Doc. 4, at 1.)  For purposes of this motion, it remains uncontested that Dr. Evans represented to Medicare that certain procedures at EECP were conducted by, or under the direct supervision of, a licensed physician. (*Id.*, at 1-2.)  Respondent contends that, for numerous such procedures, Dr. Evens was not present at the clinics in question "although the billing submitted to Medicare represented that he was." (*Id.*)  Respondent further contends that EECP received payment from Medicare for certain such procedures in an amount exceeding $800,000.00. (*Id.*)  Given the business relationship of the Movants, Respondent has established that the requested information is both reasonable and relevant because "Dr. Evans' personal financial information may provide evidence of motive, money laundering,

and identify potential assets for forfeiture . . . ."[3]  (*Id*., at 3.)

**IT IS THEREFORE ORDERED** that Movants' Motion to Quash Subpoena Duces Tecum, In Part (Doc. 1) is **DENIED** and, concurrently, Respondent's Motion to Compel (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 3rd day of October 2011, at Wichita, Kansas.

                                            S/ KENNETH G. GALE
                                            Kenneth G. Gale
                                            UNITED STATES MAGISTRATE JUDGE

---

[3] It is significant that – other than to argue that the Government must establish probable cause as a basis for the subpoena – Movants do not challenge the substantive reasonableness of the request.